UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

TIMOTHY WARD                                                                                           PLAINTIFF

v.                                                                            CIVIL ACTION NO. 3:05-CV-202-S

MUSSELWHITE, MEINHART & STAPLES, et al.                                           DEFENDANTS

### MEMORANDUM OPINION

Plaintiff, Timothy Ward, *pro se,* seeks compensatory damages and equitable relief, under 42 U.S.C. § 1983, among other statutes, from Defendants, named as the Hardin County Circuit Court Clerks Office; Bland & Birdwhistell; and Musselwhite, Meinhart & Staples.  Plaintiff alleges Defendants violated his federal and state constitutional rights by their conduct in a state, civil action resulting in several judgments against Plaintiff.  This matter is before the Court for screening, pursuant to 28 U.S.C. § 1915, and *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).  The Court will dismiss the action for failure to state a claim on which relief may be granted.

### I.

When an individual, who is proceeding *in forma pauperis*, commences a civil action, the district court must screen the complaint, before service of process on the defendants, and dismiss any portion of the complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915; *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

The district court must liberally construe the allegations in a light most favorable to the plaintiff and accept all factual allegations as true.  *Prater v. City of Burnside*, 289 F.3d 417, 424 (6th Cir. 2002).  The district court better serves "substantial justice" by examining the "thrust, not

just the text," of *pro se* litigants' allegations. *Burton v. Jones*, 321 F.3d 569, 573-74 (6th Cir. 2003). Although the court holds *pro se* pleadings to a less stringent standard than formal pleadings drafted by lawyers, the district court is under no duty to conjure up unpled allegations. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)); *see also Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

A complaint fails to state a claim only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). The complaint must contain more than bare legal conclusions. *Lillard v. Shelby County Board of Education*, 76 F.3d 716, 726 (6th Cir. 1996). The complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

## II.

Plaintiff alleges, "There are several rights that were being violated within a Civil Case in the Hardin Court Justice Center; Barry Birdwhistell would falsify several records in a Civil Case he was handling since January 2004 to around February 2005. These Act's of these violation would result in several Judgement against the 'Plaintiff' 'Timothy Ward,' The Hardin County Circuit Court Clerks Office & Paul Musselwhite knew of these act and continued to allow these violations." (Decl. Stmt. of Claim, attached to the Compl.)

Plaintiff explains that the complaint omits further specifics to avoid releasing "a lot of evidence." (Id.) Plaintiff states he will bring forward conclusive evidence of a conspiracy to violate civil rights and that such acts were committed maliciously, outrageously and deliberately,

causing Plaintiff to suffer emotional distress and other harm.

### III.

The Court's duty to construe *pro se* complaints liberally does not absolve a plaintiff of the duty to comply with the Federal Rules of Civil Procedure by providing the defendant with fair notice of the basis of a claim. *Sweikiewicz v. Sorema*, 534 U.S. 506, 514 (2002).

To state a claim for relief, the plaintiff must allege how a defendant was personally involved in the acts about which the plaintiff complains. *Rizzo v. Goode*, 423 U.S. 362, 375 (1976). "It is not enough for a complaint ... to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law. Some factual basis for such claims must be set forth in the pleadings." *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986).

This means the plaintiff must "allege 'with particularity' all material facts to be relied upon when asserting that a governmental official has violated a constitutional right." *Terrrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834 (6th Cir. 2002). The Court is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

Here, the complaint lacks the requisite specificity to state a claim upon which relief may be granted. Plaintiff alleges Barry Birdwhistell falsified records in a civil action with the knowledge of Paul Musselwhite and the clerk's office. Without more specifics, Plaintiff alleges Defendants violated his civil rights. The scant factual allegations, however, fail to support how each Defendant violated Plaintiff's constitutional rights. There are no allegations to support an

inference that any Defendant acted under color of law, an essential element of § 1983.  The remaining allegations in the complaint are conclusory.

Moreover, § 1915 precludes any attempt to amend the complaint to avoid *sua sponte* dismissal.  *McGore*, 114 F.3d at 612.

Therefore, the Court will dismiss the complaint by separate order.

Dated:

cc: Plaintiff, *pro se*

4411.007